IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| CARLO B. RELIFORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 316-088 |
| | ) | |
| WARDEN TAMALA BROWN, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**O R D E R**

_____

Petitioner, an inmate at Montgomery State Prison in Mt. Vernon, Georgia, filed an

application for writ of habeas corpus relief pursuant to 28 U.S.C. § 2241.[1]  United States

District Judge Leslie J. Abrams transferred the present action from the Middle District of

Georgia to this Court because it appeared Petitioner, presently incarcerated in the Southern

District of Georgia, was seeking relief pursuant to 28 U.S.C. § 2241.  (Doc. no. 9.)  However,

Petitioner's application for writ of habeas corpus is filed on forms used in the Superior Court

of Chatham County, Georgia, and it is unclear whether Petitioner actually intended to seek

state habeas relief, or federal habeas relief pursuant to § 2241.  (See doc. no. 1.)

If Petitioner is indeed seeking federal habeas relief pursuant to § 2241, he must refile

his petition on the standard form used by incarcerated litigants in the Southern District of

_____

[1] The Court **DIRECTS** the **CLERK** to update the docket to reflect Petitioner's
present address at Montgomery State Prison.  (Doc. no. 4.)

Georgia.[2] Petitioner should note that a challenge brought pursuant to § 2241 is subject to exhaustion requirements, and he must first exhaust his claim in the state courts before it will be heard in federal court. See Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (exhaustion is required "in all habeas cases," including those brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.")

Petitioner's § 2241 petition would also be subject to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. § 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." Id. § 2254(c) (emphasis added). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Therefore, Petitioner's § 2241 petition is also subject to the aforementioned restrictions imposed by § 2254. Medberry v. Crosby, 351 F.3d 1049, 1060-61 (11th Cir. 2003).

Therefore, if Petitioner intends to pursue federal habeas relief pursuant to § 2241, he must submit an amended § 2241 petition on the provided form within **twenty-one days**. The

---

[2] The Court **DIRECTS** the **CLERK** to attach a standard petition for writ of habeas corpus under 28 U.S.C. § 2241, form AO-0242.

amended petition will supersede and replace in its entirety the previous petition filed by Petitioner. Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended [petition] supersedes the initial [petition] and becomes the operative pleading in the case"); Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007) (*per curiam*).

Failure to comply with this Order will result in the Court recommending that this case be dismissed without prejudice.

SO ORDERED this 17th day of January, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA