IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| CARLO B. RELIFORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 316-088 |
| | ) | |
| WARDEN TAMALA BROWN, | ) | |
| | ) | |
| Respondent. | ) | |

_____

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Petitioner, an inmate at Montgomery State Prison in Mt. Vernon, Georgia, filed an application for writ of habeas corpus. Because Petitioner's application was filed on forms used in the Superior Court of Chatham County, Georgia, and it was unclear whether Petitioner actually intended to seek state habeas relief, or federal habeas relief pursuant to § 2241, the Court ordered him to resubmit his application for federal relief within twenty-one days (Doc. no. 13.) The Court specifically advised Petitioner that if he failed to submit the form petition as instructed, the Court would recommend dismissal of his case without prejudice. (Id. at 3.) Petitioner has not responded to the Court's Order.

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply

with a court order, which operates as an adjudication on the merits unless the Court specifies otherwise. See Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, "dismissal without prejudice [is] appropriate" pursuant to Rule 41(b) where a petitioner has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Petitioner's failure to comply with the Court's Order amounts not only to a failure to prosecute, but also an abandonment of his case. Petitioner's failure to resubmit his claims on the form provided by the Court or respond at all to the Court's Order is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Petitioner requested to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

The Court recognizes that Petitioner is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

to an adjudication on the merits. See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Petitioner from bringing a habeas petition. It is simply recommending dismissing the case without prejudice until such time as Petitioner is willing to file his case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** Petitioner's motions for leave to proceed IFP and for a hearing be **DENIED AS MOOT** (doc. nos. 3, 5), this case be **DISMISSED** without prejudice under Loc. R. 41.1 for want of prosecution, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of February, 2017, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA